IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BRENDA LEE, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO: 6:21-cv-609 |
| QBE HOLDINGS, INC. | § | |
| | § | |
| DEFENDANT | § | |

---

## NOTICE OF REMOVAL OF DEFENDANT QBE HOLDINGS, INC.

---

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant QBE Holdings, Inc. ("Defendant") files this Notice of Removal, removing Cause No. 325.211-B from the 146th Judicial District Court of Bell County (the "State Court Action"), to the United States District Court for the Western District of Texas, Waco Division, based on diversity of citizenship.  In support of this Notice of Removal, Defendant states:

**I.**
**INTRODUCTION**

1.      Removal of this case is proper because the Court has original jurisdiction over this matter according to 28 U.S.C. § 1332. Specifically, the amount in controversy exceeds $75,000.00, and the citizenship of Plaintiff is diverse from Defendant.

## II.
## PARTIES

2.      Plaintiff is an individual residing in Killeen, Texas.[1]  Plaintiff's residence address in the State of Texas is 2405 Eppinette Dr., Killeen, Texas 76542 ("Residence").[2]  Therefore, Plaintiff is a Texas resident.

3.      Defendant is a Delaware Corporation,[3] with its principal place of business at 55 Water Street, New York, NY 10041.  Defendant has no office or direct employees in the State of Texas.

## III.
## PROCEDURAL HISTORY

4.      On June 3, 2021, Plaintiff commenced Cause No. 325.211-B, *Brenda Lee v. QBE Holdings, Inc*. in the 146th District Court of Bell County, Texas. (App 0007-0035)

5.      Defendant's registered agent for service of process, CT Corporation System, New York, NY was served by a process server at 28 Liberty Street, New York, NY 10005 on June 8, 2021.[4]  Because Defendant filed this Notice of Removal within 30 days after service, it is timely. 28 U.S.C. § 1446(b).  This Notice of Removal is also filed within one year of the commencement of this action.  28 U.S.C. § 1446(c).

## IV.
## FACTUAL BACKGROUND

6.      Plaintiff sued Defendant alleging breach of contract, violations of Texas Business & Commerce Code § 17.46(b) and Texas Insurance Code § 541.060, and tortious interference with an existing contract.[5]  Plaintiff also obtained an ex parte Temporary Restraining Order in the State

---

[1] Petition at ¶2 (App 0007)
[2] *Id*.
[3] Delaware Secretary of State Certificate (App 0051)
[4] Return of Service (App 0042)
[5] Petition at ¶20-30 (App 0012-0015)

Court Action against Defendant prohibiting Defendant from discontinuing additional living expenses underf an insurance policy.[6]  The Policy at issue is Policy No. NHP9045488, issued to Plaintiff by Praetorian Insurance Company.[7]   Praetorian is a wholly owned subsidiary of Defendant.[8]

7.      In the Petition, Plaintiff prays for actual, economic and/or compensatory damages to the full extent permitted by law, and for an award of treble damages to the full extent permitted by law.[9]  Plaintiff also seeks an award of attorneys' fees.[10]

**V.**
**BASIS FOR REMOVAL**

8.      Defendant is entitled to remove any action filed in state court over which a federal court has original jurisdiction.  28 U.S.C. § 1441.  The two principal bases by which federal courts obtain original jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  Removal is proper in this case because the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332.  Diversity jurisdiction requires complete diversity among the parties and an amount in controversy that exceeds $75,000.00.  28 U.S.C. § 1332.  Plaintiff is a citizen of Texas and Defendant is a citizen of Delaware and New York.

9.      The second requirement of diversity jurisdiction is that the amount in controversy exceeds $75,000.00.  A defendant may perfect a notice of removal based on allegations in the pleadings or facts in the notice.  *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 n.6 (5th Cir. 1992).  The Court may also consider evidence relevant at the time Plaintiff filed the State Court

---

[6] TRO (App 0036-0037)
[7] Gottfried Decl. (App 0052)
[8] *Id.*
[9] Petition (App 0018)
[10] *Id.*

Action.  *See St. Paul Reinsurance Company, Ltd. v. Greenberg*, 34 F.3d 1250, 1254 (5th Cir. 1998).

10.     Plaintiff's petition does not comply with Tex. R. Civ. P. 47(c), which requires a plaintiff to state the range of damages sought.  Nevertheless, the Petition, together with the affidavits of Brenda Lee and Kyle Grates attached thereto, show the damages sought by Plaintiff will exceed $75,000.  *See, Vasquez v. Allstate Fire and Casualty Ins. Co.*, 2021 WL 2115275 *4 (W.D. Tex. May 24, 2021), citing *St. Paul Reinsurance Co., Ltd. v Greenburg,* 134 F.3d 1250, 1253-54 (5th Cir. 1998).[11]

11.     Plaintiff cannot show that it is legally certain her recovery will not exceed $75,000.  Plaintiff did not attempt to limit damages in the Petition, and certainly did not file a binding affidavit with the petition limiting damages to under $75,000.[12]

12.     Although the total amount of all damages is not stated in the Petition, at a minimum, Plaintiff is seeking approximately $11,167.00 in unpaid contractor costs[13] and $25,000 to $30,000.00 in mold remediation costs.[14]

13.     The affidavit of Kyle Grates attached to the Petition as Exhibit "B" ("Grates Aff") states Storm Construction, Plaintiff's contractor, has incurred costs of over $20,000, of which only $5,000 has been paid.[15]  This leaves an amount in controversy of $15,000.  Plaintiff's contractor stated under oath the estimated cost of the mold remediation, based on bids, is $30,000.[16]  However, the only "bid" provided the claims professional on the Claim is a Mold Remediation

---

[11] *Vasquez* (App 0060-0064)
[12] *Id.*at *4 (App. 0062)
[13] Petition at ¶16 (App 0011)
[14] *Id.*
[15] Grates Aff. at ¶ 10 (App. 0027)
[16] *Id.*

Agreement by Blackhill for $26,000.[17]   Notwithstanding these discrepancies, the amount in controversy with respect to mold remediation is between $26,000 and $30,000.

14.      Plaintiff also seeks indefinite loss of use or additional living expenses.[18]  Plaintiff has Loss of Use coverage ("ALE") for $72,000.  Thus far, Plaintiff has been paid an advance of $7,000 for ALE.[19]  Therefore, there is $65,000 in controversy with respect to unpaid ALE.

15.      Plaintiff also sues for the costs to be incurred in the repair of the Residence.  Although repair costs are not stated, the policy limit for the Residence is $240,000.00.[20]

16.      In summation, at the present time, the ranges of the amounts in controversy are:

| | |
|---|---|
| Unpaid Contractor Expenses | $11,167 to $15,000 |
| Mold Remediation Expenses | $26,000 to $30,000 |
| Unpaid ALE | $65,000     $65,000 |
| | |
| Total | $102,167 to $110,000 |

17.      The expenses to repair the Residence are unknown, but potentially $240,000 in Dwelling coverage is available to Plaintiff.

18.      Plaintiff also seeks treble damages under both the Texas Deceptive Trade Practices Act and the Texas Insurance Code.  These statutory damages are properly included in calculating the amount in controversy.[21]

19.      Attorneys' fees are recoverable by a successful Plaintiff for breach of contract, for violations of the Texas Deceptive Trade Practices Act and for violations of the Texas Insurance Code.  Potential attorneys' fees are to be considered when, calculating the amount in controversy.[22]

---

[17] Gottfried Decl., Ex "B" (App 0059)
[18] Petition at ¶36 (app 0016)
[19] Gottfried Decl. at ¶8 (App 0053)
[20] Gottfried Decl. at ¶13 (App 0052)
[21] *St. Paul Reinsurance Company, Ltd., v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998)
[22] *Id.* at 1253

20.     Thus, the totality of actual damages sought, the trebling of these damages and potential attorneys' fees, demonstrate the amount in controversy requirement is met in this case.

## VI.
## VENUE

21.     Venue lies in the Western District of Texas, Waco Division, under 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the State Court Action in this judicial district and division.

## VII.
## NOTICE TO STATE COURT

22.     Defendant will file with the clerk of the State Court Action, and will serve upon Plaintiff, a notice of the filing of this Notice of Removal.

## VIII.
## RESPONSE TO PETITION

23.     Defendant did not file any response to Plaintiff's Petition in the State Court Action since it was served on June 8, 2021.[23]   Pursuant to FRCP 81(c)(2)(A), Defendant will file responsive pleadings within 21 days from June 8, 2021, the date it first received the initial pleading. Defendant specifically reserves the right to assert FRCP 12(b) defenses, including 12(b)(1), 12(b)(2) and 12(b)(6).

## IX.
## EXHIBITS TO NOTICE OF REMOVAL

24.     In compliance with 28 U.S.C. § 1446(a), the following exhibits are attached hereto:

   a.   A civil cover sheet and supplemental civil cover sheet (App 0001-0002);

   b.   An index of documents that clearly identifies each document and indicates the date the document was filed in state court (App 0003);

   c.   A copy of the state court docket sheet (App 0004-0006);

_____

[23] Return of Service (App 0042)

    d.  Each document filed in the state court action, except discovery material (if filed on paper, each documents must be individually tabbed and arranged in chronological order according to the state court file date; if filed by electronic means, each document must be filed as a separate attachment);

        i.  Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction (App 0007-0035);

        ii.  Issued Citation for Original Petition and Application for Temporary Restraining Order and Temporary Injunction– QBE Holdings, Inc. (App 0036-0037);

        iii.  Issued Citation for Temporary Restraining Order Notice of Setting (App 0038-0039);

        iv.  Temporary Restraining Order and Notice of Setting signed by Judge on Jun 3, 2021 at 3:00 p.m. (App 0040-0041);

        v.  Return of Service – QBE Holdings, Inc. (App 0042);

        vi.  Order on Motion to Extend Temporary Restraining Order filed 06/09/2021 (App 0043-0045);

        vii.  Order on Motion to Extend Temporary Restraining Order filed 06/10/2021 (App 0046-0048);

        viii.  Request for Service (App 049);

        ix.  Cover Letter for Copies (App 050).

    e.  Declaration of Steven Gottfried (App 0052-0059);

    f.  *Vasquez v. Allstate Fire and Casualty Insurance Company*, 202 WL 2115275, United Stated District Court, W.D. Texas, San Antonio Division (App 0060-0064).

## CONCLUSION

25.    The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiff and Defendant, and (2) the value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Consequently, Defendant may remove this action under 28 U.S.C. § 1441.

26.     WHEREFORE, Defendant hereby removes the State Court Action captioned Cause No. 325,211-B, *Brenda Lee v. QBE Holdings, Inc.*, in the 146th District Court of Bell County, Texas to the United States District Court for the Western District of Texas, Waco Division.

Dated:  June 14, 2021

Respectfully submitted,

*/s/ Carter Ferguson*
Carter L. Ferguson
State Bar No. 06909500
Federal I.D. No. 33538
cferguson@belaw.com

**BRACKETT & ELLIS,**
A Professional Corporation
100 Main Street
Fort Worth, TX 76102 3090
(817) 338 1700
FAX (817) 870 2265

**ATTORNEY IN CHARGE FOR DEFENDANT QBE HOLDINGS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was sent to all parties and counsel of record, pursuant to the Federal Rules of Civil Procedure, addressed as follows:

Michael S. Martinez                                                    **Via Electronic Filing**
Msmartinez@mhlegalgroup.com
Peter W. Cawthon IV
pcawthon@mhlegalgroup.com
MARTINEZ HSU, P.C.
4001 Airport Freeway, Suite 150
Bedford, Texas 76021

**ATTORNEYS FOR PLAINTIFF**

DATED this 14th day of June, 2021.

*/s/ Carter L. Ferguson*
Carter L. Ferguson